IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

DALE FOSSEN, et al.,                                           CV 09-61-H-CCL

    Plaintiffs,

-v-                                                                         ORDER

BLUE CROSS BLUE SHIELD
OF MONTANA, INC.,

    Defendant.

*******

Before the Court is Plaintiffs' Motion for Remand (Doc. 5), which is opposed by Defendant Blue Cross Blue Shield of Montana, Inc. ("BCBSMT"). Plaintiffs are Dale Fossen, D and M Fossen, Inc., Larry Fossen, L and C Fossen, Inc., Marlowe Fossen, M and C Fossen, Inc., and Fossen Brothers Farms, a Partnership.  Plaintiffs' Complaint alleges that Defendant BCBSMT violated Mont. Code Ann. § 33-22-526(2)(a), which prohibits requiring an individual to

pay a health insurance premium greater than the premiums of similarly-situated individuals based on a health status-related factor of the individual.

Defendant BCBSMT removed Plaintiffs' Complaint from state court based on its assertion that each Plaintiff is either a participant or a beneficiary of an employee welfare benefit plan ("Fossen Brothers Farms Plan") insured by Defendant BCBSMT.  The Fossen Brothers Farms Plan was originally purchased through the Associated Merchandisers Inc., Association Group Benefit Plan, from 2004 through May 2009.  After May 2009, the Fossen Brothers Farms Plan has been purchased through the Montana Chamber Choices Association Plan. Defendant removed on the assertion that the Fossen Brothers Farms Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

Citing the "extraordinary pre-emptive power" of ERISA's civil enforcement provision, Defendant removed to federal court because ERISA "'completely preempts a state-law claim" when the individual could have brought the claim under ERISA § 502(a).  (Def.'s Removal Notice, Doc. 1 at 6-7, *citing Aetna*

2

*Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987).)

ERISA is indeed one of the few federal statutes that "wholly displaces the state-law cause of action through complete pre-emption...." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).  Section 1144(a) provides that "this title . . . shall supersede any and all State laws insofar as they now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a).  ERISA thus contains "one of the broadest preemption clauses ever enacted by Congress."  *Spain v. Aetna Life Ins. Co.*, 11 F.3d 129, 130-31 (9th Cir. 1993) (internal citations omitted).  "ERISA preempts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan.'" *Winterrowd v. American General Annuity Ins. Co.*, 321 F.3d 933, 937 (9th Cir. 2003) (*quoting* 29 U.S.C. § 1144(a)).  Such preemption supports removal of state-law causes of action to federal court.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

However, the pre-emptive scope of ERISA not quite so simple.  Plaintiffs rely upon the statutory *exception* to removal, also known as ERISA's "savings"

clause. In its section 1144(b)(2)(A), ERISA contains what the U.S. Supreme Court has called the "antiphonal" exception to complete preemption, *see Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 364 (2002); in the savings clause, ERISA provides that "nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

In support of the Motion for Remand, Plaintiffs cite *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 849 (9th Cir. 2009), wherein a Ninth Circuit panel held that the Montana Insurance Commissioner's practice of disapproving of insurance contracts containing a discretionary clause was not preempted by ERISA because that practice fell within ERISA's "savings" clause exempting from preemption a state law regulating insurance. The presence or absence of a discretionary clause in an ERISA insurance policy dictates whether judicial review is *de novo* or governed by the abuse of discretion standard. *Id.* at 840. However, the procedural posture of the *Morrison* case was unlike that of the instant case, as the *Morrison* case was originally filed in federal court pursuant to federal question jurisdiction,

4

and the legal issue in *Morrison* was decided on cross-motions for summary judgment, no question of remand having arisen. In fact, Plaintiffs mix apples and oranges when citing the *Morrison* case–wherein there was no argument against federal subject matter jurisdiction–to support a motion for remand to state court.

Clearly, however, there is tension between ERISA's broad preemption of state-law causes of action and ERISA's preservation of some portion of the states' powers to regulate insurance. To determine whether a state law can survive ERISA's preemptive power, the Supreme Court recommends that courts "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001). In *Egelhoff*, a Washington state law that revoked, by operation of law, a named beneficiary's status upon divorce was preempted "because it interferes with nationally uniform plan administration." *Id.* at 148. Such a state law–even though it did regulate insurance–was preempted by ERISA.

In analyzing such a state law, however, this Court must first determine

whether the state law in issue "relate[s] to any [covered] employee benefit plan." 29 U.S.C. § 1144(a).  Such a law does relate if it is "specifically directed toward entities engaged in insurance," and if it "substantially affect[s] the risk pooling arrangement between the insurer and the insured."  *Kentucky Ass'n of Health Plans, Inc.v. Miller*, 538 U.S. 329, 342 (2003).  The law at issue here, M.C.A. § 33-22-526,  meets this two-part test:

> "(2) (a) A group health plan and a health insurance issuer offering health insurance coverage in connection with a group health plan may not require an individual, as a condition of enrollment or continued enrollment under the group health plan, to pay a premium or contribution that is greater than the premium or contribution for a similarly situated individual enrolled in the group health plan on the basis of any health status-related factor of the individual or of an individual enrolled under the plan as a dependent of the individual.
>
> (b) This subsection (2) does not:
> (I) restrict the amount that an employer may be charged for coverage under a group health plan; or
> (ii) prevent a group health plan and a health insurance issuer offering group health insurance coverage from establishing premium discounts or modifying otherwise applicable copayments or deductibles in return for adherence to programs of health promotion and disease prevention.

Mont. Code Ann. § 33-22-526(2).  It can hardly be questioned that this state law is

specifically directed to entities engaged in insurance and substantially affects the risk-pooling arrangement between the insurer and the insured.  Thus the Montana statute at issue relates to insurance within the meaning of ERISA.  At this stage, it appears to fall within ERISA's savings clause and so to survive preemption.

However, the wrinkle in this case is caused by the fact that ERISA itself contains an identical statutory provision:

> (1)  In general.  A group health plan, and a health insurance issuer offering health insurance coverage in connection with a group health plan, may not require any individual (as a condition of enrollment or continued enrollment under the plan) to pay a premium or contribution which is great than such premium or contribution for a similarly situated individual enrolled in the plan on the basis of any health status-related factor in relation to the individual or to an individual enrolled under the plan as a dependent of the individual.
>
> (2) Construction.  Nothing in paragraph (1) shall be construed–
> (A) to restrict the amount that an employer may be charged for coverage under a group health plan; or
> (B) to prevent a group health plan, and a health insurance issuer offering group health insurance coverage, from establishing premium discounts or rebates or modifying otherwise applicable copayments or deductibles in return for adherence to programs of health promotion and disease prevention.

29 U.S.C. § 1182(b).  Moreover, not only does ERISA contain the same provision

7

as M.C.A. § 33-22-526(2), ERISA also provides for civil enforcement of this provision, because a participant or beneficiary can seek equitable relief for any violation of ERISA pursuant to section 502(a)(3): "[a] civil action may be brought . . . by a participant, [or] beneficiary . . . [in an ERISA plan] (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.  29 U.S.C. § 1132(a)(3).  Thus, Plaintiffs' claim, even when founded upon M.C.A. § 33-22-526(2), falls within the scope of ERISA.  The specific problem is that the Montana law duplicates the ERISA law.

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health v. Davila*, 542 U.S. 200, 209 (2004).  The rationale for this rule is obvious, because without a prohibition on state law duplications, all of ERISA could become a state law cause of action.  Allowing state laws simply to duplicate

ERISA and provide state causes of action would surely undercut Congress's intent that employee benefit plan regulation become "exclusively a federal concern...." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981). In an area of law wherein Congress "expect[ed]" courts would develop "a federal common law of rights and obligations under ERISA-regulated plans," *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987), allowing states to enact their own ERISA-type statues would result in the loss of national uniform regulations interpreted by a federal common law. Clearly, duplicative state laws are preempted by ERISA.

The difference between this case and *Morrison* is that the Commissioner's practice of prohibiting discretionary clauses in insurance contracts does not duplicate, supplement, or supplant ERISA. In fact, as the panel concluded, the lack of discretionary clauses in Montana insurance contracts can comfortably coexist with ERISA rules and regulations. In the instant case, however, allowing a duplicative state law to coexist would supplant ERISA and send an ERISA claim to state court, thereby preventing the national uniformity of ERISA and its federal common law. The state law regulating insurance and ERISA do not comfortably

9

coexist.

Accordingly, the Court concludes that Plaintiffs' Motion to Remand the case to state court is without merit. Plaintiffs' state law cause of action is preempted by ERISA and is properly removed to this Court. Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (Doc. 5) is DENIED.

DONE and DATED this 12th day of August, 2010.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE