**MICHAEL F. McMAHON**
**BERNARD F. HUBLEY**
MCMAHON LAW FIRM, PLLC
212 North Rodney
Helena, MT 59601
(406) 442-1054
mike@mlfpllc.com
bernie@mlfpllc.com

**ATTORNEYS FOR BLUE CROSS AND BLUE SHIELD OF MONTANA, INC.**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

* * * * *

| | |
|---|---|
| DALE FOSSEN, D and M FOSSEN, Inc., LARRY FOSSEN, L and C FOSSEN, Inc., MARLOWE FOSSEN, M and C FOSSEN, Inc., and FOSSEN BROTHERS FARMS, a PARTNERSHIP,<br><br>Plaintiffs,<br><br>vs.<br><br>**BLUE CROSS AND BLUE SHIELD OF MONTANA, INC.,** a health service corporation,<br><br>Defendant. | CAUSE NO. CV-09-61-H-CCL<br><br>BLUE CROSS AND BLUE SHIELD OF MONTANA, INC.'S BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS |

Blue Cross Blue Shield of Montana, Inc. ("BCBSMT"), by and through its attorneys of record, McMahon Law Firm, PLLC ("MLF"), respectfully submits this brief in support of its motion for an award of fees and costs

1

pursuant to Rule 54(d)(1) and d(2), Fed. R. Civ. P., and 29 U.S.C. § 1132(g):

## BACKGROUND

In its October 15, 2009 Answer to Plaintiffs' Amended Complaint , BCBSMT requested, among other things, that (1) judgment be entered in its favor, (2) it be awarded attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), and (3) it be awarded all costs and disbursements incurred in the defense of Plaintiffs' Amended Complaint. (Doc. No. 2, p. 14.) On October 6, 2010, this Honorable Court granted BCBSMT's motion for summary judgment[1], and dismissed Plaintiffs' Amended Complaint with prejudice. (Doc. 31.) Shortly thereafter, Judgment was entered in favor of BCBSMT. (Doc. 32.)

MLF represented BCBSMT in this proceeding. As of September 30, 2010, BCBSMT has incurred $100,208.75 in legal fees and $385.70 in

---

[1] This Honorable Court indicated on page 18 (Doc. 31) that " . . . and Defendant states that this is the only complaint of this type received." It appears that the Court obtained this information from page 3 of Ms. Belcher's May 24, 2006, letter to Mr. Holbrook. At the time of Ms. Belcher's May 24, 2006 letter, her statement was accurate; however, for clarification purposes, after Ms. Belcher's May 24, 2006 letter to Mr. Holbrook, at least four additional complaints to the Montana Insurance Department were submitted from clients of Mr. Olson. These complaints were dated June 10, 2006 (Bar VT Ranch, Inc., of Joplin, Montana), June 12, 2006 (DB Kraft Farms of Cut Bank, Montana), June 23, 2006 (Old Iron Farms, Inc., of Shelby, Montana), and July 5, 2006 (Triple A Glass). BCBSMT handled each of these DOI complaints similar to its good faith resolution of the Fossens' April 6, 2006 DOI complaint. It granted a one-time rate exception with notice that future rating, if the policy was renewed, would be subject to same underwriting process applicable to all groups participating in the Association.

costs. A summary of these reasonable fees[2] and costs[3] is as follows:

| Timekeeper | Hours | Rate | Total |
|---|---:|---:|---:|
| Bernard F. Hubley | 229.10 | $200.00 | $45,820.00 |
| Michael F. McMahon | 201.55 | $225.00 | $45,348.75 |
| Stefan T. Wall | 0.90 | $200.00 | $180.00 |
| Marlana Reichert | 88.30 | $100.00 | $8,830.00 |
| LaNez Bailey | 0.30 | $100.00 | $30.00 |
| **Total** | **520.15** | | **$100,208.75** |

| Costs | | | |
|---|---:|---:|---:|
| Filing Fees (Removal) | | | $355.00 |
| Photocopies | 307 | $0.10 | $30.70 |
| **Total** | | | **$385.70** |

### ARGUMENT

**A.   Rules 54(d)(1) and (d)(2)**

Rule 54(d)(1), Fed. R. Civ. P., provides in relevant part that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Here, it is undisputed that BCBSMT was the prevailing party in this matter. Moreover, it is undisputed that this matter was controlled by ERISA as Plaintiffs' duplicative state law claims were prohibited by "the national uniformity of ERISA and its federal common law." Doc. 25, p. 9. Accordingly, BCBSMT is entitled, in the discretion of

---

[2] See M. McMahon affidavit, Ex. 1.

[3] See BCBSMT's Bill of Costs filed contemporaneously.

3

this Honorable Court, to request its attorneys' fees and costs incurred in its successful defense of Plaintiffs' Amended Complaint.

Rule 54(d)(2), Fed. R. Civ. P., provides:

> **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related non taxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
>
>> **(i)** be filed no later than 14 days after the entry of judgment;
>>
>> **(ii)** specify the judgment and the statute, rule or other grounds entitling the movant to the award;
>>
>> **(iii)** state the amount sought or provide a fair estimate of it; and
>>
>> **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2) (A) and (B).

In this regard, the Clerk entered Judgment on October 6, 2010. BCBSMT's motion is timely filed. Moreover, BCBSMT is entitled to request its fees and costs based upon 29 U.S.C. § 1132(g)(1); s*ee also*, *Hardt v. Reliance Standard Life Ins. Co.*, __ U.S. __, 130 S.Ct. 2149, 176 L. Ed. 2d

4

998 (2010) (§ 1132(g)(1) "expressly grants district courts 'discretion' to award attorney's fees ' to either party'"); *Simonia v. Glendale Nissan/Infiniti Disability Plan et al.*, 608 F.3d 1118, 1120 -21 (9th Cir. 2010) (under *Hardt*, "fee claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)" and then it must analyze *Hummell* factors); *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997) (in awarding fees to Plan pursuant to § 1132(g)(1), "the playing field is level" and the analysis . . . . must focus only on the *Hummell* factors, without favoring one side or the other.") Finally, BCBSMT seeks to recover $100,594.45 in fees and costs it incurred through September 30, 2010 plus an estimated $10,500.00 for MLF's professional fees and costs on its behalf through this Honorable Court's determination of this motion.

**B.    BCBSMT satisfied the *Hardt* success on merits requirement**

*Hardt* requires that "a fee claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt*, 130 S. Ct. at 2158 (*citing Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686 (1983)).  Here, it is undisputed that BCBSMT succeeded on the merits of this action.  This Honorable Court denied Plaintiffs' remand motion, granted BCBSMT's motion for summary judgment, dismissed this action with prejudice, and judgment was entered in BCBSMT's favor.  Based upon this Honorable Court's denial of Plaintiffs' remand motion and thereafter granting BCBSMT's summary judgment

5

request based upon controlling ERISA pre-emption authority, BCBSMT is certainly eligible for a discretionary fee award under section 1132(g)(1). Whether BCBSMT is entitled to the recovery of its attorneys' fees, is in the discretion of this Honorable Court.

**C.     Consideration of *Hummell* factors weigh in favor of BCBSMT**

In the Ninth Circuit, a section 1132(g)(1) discretionary fee award is governed by the five factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir 1980).  *Simonia*, 608 F.3d at 1121 ("We therefore hold that after determining a litigant has achieved some degree of success on the merits, district courts must still consider the *Hummell* factors before exercising their discretion to award fees under *§ 1132(g)(1)*").

The *Hummell* factors are:

1. the degree of the opposing parties' culpability or bad faith;
2. the ability of the opposing parties to satisfy an award of fees;
3. whether an award of fees against the opposing parties would deter others from acting in similar circumstances;
4. whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
5. the relative merits of the parties' position.

*Hummell*, 634 F.2d at 453.  No individual *Hummell* factor is decisive.

*Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984) ("We conclude that the criteria described in *Hummell* should guide a court in determining whether to award fees to either plaintiffs or defendants under section 1132(g)(1) . . .. No one of the *Hummell* factors, however, is necessarily decisive, and some may not be pertinent in a given case. ")

Here, there does appear to be at least some culpability or bad faith on the part of the Plaintiffs' actions. As found by the court:

> Plaintiffs did not, in fact, suffer the unexpected 21% premium increase in 2006, and Plaintiffs were notified of BCBSMT's future intent to rate the FBF Plan separately from other plans participating in the AMI/MCCT Arrangements. Plaintiffs continued to obtain their insurance through the Arrangements even after being notified of the possibility of future premium increases. Under these circumstances, there can be no damages. Plaintiffs cannot force BCBSMT to sell a product at the price Plaintiffs prefer.

(Doc. 31, pp. 17-18.) In this regard, Plaintiffs' culpability or bad faith is further evidenced by their actual knowledge of the one-time premium adjustment and BCBSMT's future rating intent but then urged this Honorable Court in their briefs and oral argument, although not alleged in the Amended Complaint, that BCBSMT made misrepresentations to Mr. Olson. Accordingly, it appears there is some culpability or bad faith on the part of the Plaintiffs.

As Plaintiffs asserted in their Amended Complaint (Doc. 1-2, ¶ 2), they reside in and farm in both Hill and Liberty Counties, Montana. A review of public landowner records reveals that the Plaintiffs' combined real property holdings are substantial. Plaintiffs own, collectively,

7,843.577 acres with an estimated value of $1,754,672.00.  As such, it appears Plaintiffs would be able to satisfy, at least a portion of, a fee and cost award issued against them.

An award of fees would certainly deter others from acting in the same manner as Plaintiffs especially in light of Plaintiffs' culpability or bad faith.

Furthermore, BCBSMT certainly sought to resolve a significant legal question regarding ERISA.  Plaintiffs' duplicative state law claims sought to directly interfere and supplant controlling ERISA authority.

Finally, the relative merits of the parties' positions are reflected in the Order granting BCBSMT's motion for summary judgment.  Plaintiffs' claims against BCBSMT were not meritorious.

Accordingly, the *Hummell* factors weigh in favor of an award of attorneys' fees for BCBSMT.  As such, this Honorable Court would not abuse its discretion in granting BCBSMT's motion for its attorneys' fees and costs, or a portion thereof.

///
///
///
///
///
///
///
///

## CONCLUSION

BCBSMT respectfully requests that this Honorable Court grant its motion for attorneys' fees and costs.

Dated this 14th day of October 2010.

        **McMAHON LAW FIRM, PLLC**

**By**   /s/ Michael F. McMahon
        Michael F. McMahon
        212 North Rodney
        Helena, MT 59601

        ATTORNEYS FOR BLUE CROSS AND BLUE SHIELD OF MONTANA, INC.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2), the undersigned hereby certifies that the attached brief contains 1,648 words calculated by WordPerfect X4 for Windows, excluding the caption and certificate of compliance. The undersigned also certifies that, pursuant to Local Rule 10.1(a), the brief is type written and double spaced, except for quoted material and footnotes, in at least 14-point font.

                                         By    /s/ Michael F. McMahon
                                                    **Michael F. McMahon**
                                                    212 North Rodney
                                                    Helena, MT 59601

                                                   **ATTORNEYS FOR BLUE CROSS AND BLUE SHIELD OF MONTANA, INC.**

## **CERTIFICATE OF SERVICE L.R. 5.2(b)**

  I hereby certify that, on October 14, 2010, a copy of the foregoing document was served upon the following persons by the following means:

| | |
|---|---|
| 1,2 | CM/ECF |
| ____ | Hand Delivery |
| ____ | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1.  Clerk, U.S. District Court

2.  Lawrence A. Anderson
   Attorney at Law, P.C.
   #18 Sixth Street North, Suite 200
   Great Falls, MT 59403-2608

          **/s/ Michael F. McMahon**
          **Michael F. McMahon**
          212 North Rodney
          Helena, MT 59601

          **ATTORNEYS FOR BLUE CROSS AND BLUE SHIELD OF MONTANA, INC.**