IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

\*\*\*\*\*\*\*

| | |
|---|---|
| DALE FOSSEN, et al., | CV 09-61-H-CCL |
| Plaintiffs, | |
| -v- | ORDER |
| BLUE CROSS BLUE SHIELD OF MONTANA, INC., | |
| Defendant. | |

\*\*\*\*\*\*\*

The court heretofore granted Defendant's motion for summary judgment, and thereafter that judgment was accordingly entered.

Now before the court is Defendant's Motion for Attorneys' Fees slightly in excess of $100,000 in amount. Plaintiffs oppose the motion.

This is not a case where the prevailing party is automatically entitled by statute or contract to an award of attorney fees. In this ERISA action, a request for reasonable attorneys' fees lies within the discretion of the Court. 29 U.S.C. § 1132(g)(1). Judicial guidelines have been established to assist exercise of that discretion in an appropriate case. The court has considered and weighed the

relevant factors outlined in *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* at 453. The court finds initially that the first and fourth factors present somewhat close questions and the third factor raises a significant concern.

Plaintiffs were represented by a competent attorney who advised them that they had a good case. Plaintiffs' insurance agent likewise advised them that they had a good case, and he endeavored to help them to present their claim. It is fair to conclude that there was no bad faith on the part of the Plaintiffs. Additionally, Plaintiffs requested class certification, and they therefore sought to benefit a broader group of ERISA participants or beneficiaries. Under these circumstances, the third factor cuts against the request for attorneys' fees, for the public policy must favor the right of ERISA participants and beneficiaries to present non-frivolous claims for adjudication. Obviously, this Court did not and does not find Plaintiffs' substantive positions to be meritorious, so the fifth factor does favor Defendant's request for attorneys' fees. No one factor is decisive, however, and the court must consider and balance all in light of the facts in this case.

As to Plaintiffs' financial strength to respond to a payment order, the Court is persuaded that Plaintiffs probably possess sufficient assets to respond to the attorney fee request in whole or in part, although a full payment could conceivably injure the business.  The Court notes, however, that the parties engage in wholly different types of businesses.  Defendant is an insurer that can reasonably expect to deal with a certain amount of litigation every year, and for Defendant that litigation stream is a cost of doing business.  Plaintiffs, on the other hand, are in the business of farming, and for them litigation is not a routine matter or a routine business expense.  Given the close questions presented by some of the *Hummel* factors and the public policy issue raised, the court finds that the balanced *Hummel* factors favor Plaintiffs and therefore the court is not persuaded to exercise its discretion to grant the motion.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Attorneys' Fees (Doc. 33) is DENIED.

DONE and DATED this 24th day of January, 2011.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE