**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALE FOSSEN; et al.,<br><br>        Plaintiffs - Appellants,<br><br>v.<br><br>CARING FOR MONTANANS, INC.,<br>FKA Blue Cross and Blue Shield of<br>Montana, Inc.,<br><br>        Defendant - Appellee. | No. 14-35077<br><br>D.C. No. 6:09-cv-00061-CCL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted June 4, 2015
Seattle, Washington

Before: O'SCANNLAIN, EBEL[**], and McKEOWN, Circuit Judges.

---

      [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**] The Honorable David M. Ebel, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

The Fossens appeal from the district court's grant of summary judgment in favor of Caring for Montanans, Inc. ("CFM") rejecting the Fossens' purported private right of action.

I

In 1987, the Montana legislature amended the Montana Unfair Trade Practices Act ("UTPA") expressly to designate six statutory provisions—all contained in § 33–18–201—the violation of which would permit an insured or a third party to pursue a direct claim against an insurer. Mont. Code Ann. § 33–18–242(1). Other than § 33–18–242(1), the UTPA does not expressly recognize any other private right of action based on an alleged violation of any other UTPA provision. Rather, the UTPA delegates broad enforcement powers to the Insurance Commissioner to enforce compliance with the UTPA, including, *inter alia*, the power to resort to judicial proceedings. *See* §§ 33–18–1001 to –1006.

While the Montana Supreme Court has determined that the 1987 amendment did not abrogate preexisting *common law* causes of action, *see, e.g.*, Thomas v. Northwestern Nat'l Ins. Co., 973 P.2d 804, 809 (Mont. 1998), the Fossens' claim here turns entirely on CFM's alleged *statutory* violation—specifically, CFM's alleged violation of § 33–18–206(2) of the UTPA, which prohibits "unfair

2

discrimination between individuals of the same class and of essentially the same hazard in the amount of premium . . . charged." Since the 1987 amendment, however, the Montana Supreme Court has never recognized a private right of action for the violation of a UTPA provision other than those provisions identified in § 33–18–242(1). In fact, in *Williams v. Union Fidelity Life Insurance Co.*, 123 P.3d 213 (Mont. 2005), the Montana Supreme Court permitted the insured to pursue a breach of contract claim against her insurer only because the insured was *not* asserting that her claim arose due to the insurer's alleged UTPA violations; rather, the insured referenced the UTPA simply to provide support for her independent breach of contract claim. *Id.* at 220; *see also Brewington v. Employers Fire Ins. Co.*, 992 P.2d 237, 240–41 (Mont. 1999) (permitting an insured to pursue a bad faith claim against an insurer because the claim was based on the common law tort of bad faith, rather than an alleged violation of the UTPA).

Moreover, the Fossens point to nothing in either of the insurance policies that incorporates the UTPA. Thus, unlike in *State ex rel. Farm Credit Bank of Spokane v. District Court*, 881 P.2d 594 (Mont. 1994)—where the parties were permitted to pursue a breach of contract claim based on a statutory violation because the parties expressly incorporated the statute into the contract—here, the parties did not intend to create contractually a cause of action based on a statutory

3

violation. *Id.* at 602–03. The district court therefore correctly granted summary judgment in favor of CFM on the Fossens' claim that by allegedly violating § 33–18–206(2), CFM breached its insurance contracts with the Fossens.

II

Because the district court presided over the case for four years, *see*, *e.g.*, *Mackey v. Pioneer National Bank*, 867 F.2d 520, 523 (9th Cir. 1989) (concluding that "retention of jurisdiction well served the purposes of judicial economy and efficiency" when the case had been in federal court for just over four months), and the case involved issues of federal preemption, *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727 (1966), the district court did not abuse its discretion in retaining jurisdiction over the Fossens' pendent state law claims. *See Long v. City & Cty. of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007).

III

Because the Montana Supreme Court's previous interpretations of the UTPA sufficiently establish that an insured party cannot assert a private right of action or breach of contract claim based solely on an alleged violation of a UTPA provision other than the six provisions specified in § 33–18–242(1), the district court did not abuse its discretion in declining to certify such issue to the Montana Supreme Court. *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th

4

Cir. 2009). For the same reason, we decline to certify as well. *See* Mont. R. App. P. 15(3)(b).

## IV

The district court's order granting CFM's motion for summary judgment is **AFFIRMED**.